Argued October 9, affirmed November 6, petition for
rehearing denied December 10, 1975

# McCLAUGHRY, *Respondent, v.* SANDWELL
# INTERNATIONAL, INC., *Appellant.*
### 541 P2d 1050

482

*Cleveland C. Cory,* Portland, argued the cause for appellant. With him on the briefs were Clarence R. Wicks and Davies, Biggs, Strayer, Stoel and Boley, Portland.

*James W. Walton,* Corvallis, argued the cause for respondent. With him on the brief were Robert G. Ringo and Ringo, Walton & Eves, Corvallis.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is an action brought by an employee of American Can Company against Sandwell International, Inc., the designer of American Can Company's paper plant, to recover damages for personal injuries suffered as a result of an alleged defect in the design of the plant. Defendant appeals from a judgment entered on a verdict for plaintiff.

Defendant designed a paper plant, including chip and sawdust handling facility, for American Can Company at Halsey, Oregon. The plant was designed to receive chips and sawdust at a storage area from which the materials were pushed by a mobile machine to a place on the ground below which a "plate feeder", consisting of a 12-foot rotating device, pulled the chips into an underground conveyor system. When operating perfectly, the plate feeder removed the chips in such a way that an expanding dimple or depression would form in the pile as the chips were removed. However, when too many chips were piled above the feeder occasionally a "bridging" effect occurs, causing a hollow core to form underneath the pile. In these circumstances the outer part of the pile appears to be a solid mound. Bridging would not occur if the pile did not exceed 15 feet in height.

Plaintiff was the operator of a tractor with blade which was used to push the chips into a pile above the plate feeder. Plaintiff was injured when he drove his tractor onto a pile of chips about forty feet in height which had bridged underneath. The weight of the tractor caused the pile to collapse into the air space left by the bridging effect. Plaintiff was injured when this occurred.

Plaintiff's complaint alleged that defendant was negligent in that

"(a) The defendant neglected and failed to provide a warning device as to the location of the plate feeder for employees operating equipment in the immediate vicinity thereof.

"(b) The defendant failed to provide any means of ascertaining the location of the plate feeder while equipment was being operated in the vicinity thereof."

Defendant contends that it was not negligent or,

if it was, plaintiff was contributorily negligent. It is defendant's position that it designed storage area and chip handling facilities so that piles of not more than 15 feet would be moved to the area above the plate feeder, in which case no bridging would occur and no warning of danger would be necessary.

The evidence was conflicting as to whether this limitation on the height of the pile over the plate was made known to American Can Company. It is admitted by defendant that no written operating instructions were made. There was evidence that the increase in the volume of chips and sawdust brought to the storage area led to the practice of increasing the height of the pile over the feeder plate. It is undisputed that defendant knew of the danger that would exist if the pile exceeded 15 feet.

Plaintiff introduced evidence to show that it would be feasible at a reasonable cost to install a device which would indicate the location of the plate feeder or which would give warning to the equipment operator that he was in the immediate vicinity of the plate feeder. There was evidence that at the Georgia-Pacific paper plant in Toledo, Oregon a light system had been installed which was designed to reduce the type of accident which occurred in the present case. Plaintiff called as an expert witness a consulting engineer, who testified that the inclusion of a system to give warning to the operator of equipment as to the location of the plate feeder would be essential to an adequate design.

■■ Defendant's defense rests upon the premise that its design called for the operation of the chip handling facilities in such a way that, if followed, there would be no bridging and therefore no chance of injury resulting from it. However, as we have pointed out above, there was evidence which would permit the jury

to believe that the limited manner of operation to which defendant intended the design to be confined was not made known to American Can Company, and the jury could, therefore, find that defendant could have foreseen that a change in operation might occur which would endanger an equipment operator. Even if the jury believed that defendant had notified American Can Company that the operations were intended to be limited as described, the jury might still find that a reasonable designer should have anticipated the situation in which an increased volume of chips would be brought into the storage area and that large volumes of chips would be piled above the plate feeder, thus creating an unreasonable risk of harm to American Can Company employees.

■ The issue of contributory negligence was properly submitted to the jury. There was evidence to establish that even with the exercise of reasonable care, plaintiff could not have avoided the accident which caused his injuries. The jury could reasonably have found that because plaintiff took over from another shift which had already moved chips into a position making it difficult or impossible for plaintiff to locate the plate feeder, he acted reasonably in driving the tractor as he did. The plate feeder had not been run during plaintiff's regular shift (from 7:00 a.m. to 3:00 p.m.). Plaintiff had no knowledge as to whether it had been run during the preceding shift. When plaintiff finished his regular shift and was about to start a four-hour overtime assignment, he received a call informing him that the plant was about to go on chips and he was directed to start moving chips over the plate feeder. It was during this operation that plaintiff suffered his injuries. The jury could have concluded that plaintiff might reasonably have assumed that there was no indentation in the top of the pile over the plate feeder simply because the plant

had not been using chips and therefore no chips had been withdrawn from the bottom of the pile.

■ Finally, defendant assigns as error the trial court's refusal to strike the second specification of negligence (recited in subparagraph (b) above) on the ground that there was no evidence to support it and for the further reason that it was redundant. Assuming, as defendant contends, that the allegations in subparagraphs (a) and (b) are redundant, we are unable to see what prejudice defendant would suffer from two ways of saying the same thing.

Judgment affirmed.